JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

BRYAN R. WHITTAKER (TX 24047097)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: bryan.whittaker@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.   CR 07-00636 CW |
| | ) | |
|    Plaintiff, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | |
| GIOVANNA WARREN, | ) | **Sentencing Date: January 30, 2008, 2:30** |
| | ) | **p.m., The Honorable Claudia Wilken** |
|    Defendant. | ) | |
| | ) | |

     The United States of America, by and through its undersigned counsel, hereby submits this Sentencing Memorandum requesting that defendant be sentenced to six-months imprisonment, the low-end of the United States Sentencing Guidelines range, and two-years of supervised release, consistent with the Plea Agreement, but six-months above the recommendation of the United States Probation Office.

## **BACKGROUND**

     The PSR adequately sets forth the criminal activity.  Consequently, the United States will not repeat the information in this background section.

////

////

1

## ARGUMENT

2

3
**I. DEFENDANT SHOULD BE SENTENCED TO SIX-MONTHS IMPRISONMENT AND TWO-YEARS OF SUPERVISED RELEASE.**

4
As the Court is well aware, "as was the case before *Booker*, the district court must

5
calculate the Guidelines accurately." *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.

6
2006). After calculating the Guidelines, the Court must then apply the factors set forth in 18

7
U.S.C. § 3553(a) to arrive at a reasonable sentence. *See id.* (stating that after determining the

8
Guidelines calculation is correct the appellate court turns to whether the sentence is reasonable

9
"in light of all the 18 U.S.C. § 3553(a) factors").

10
Consequently, the first step is to determine the correct Guideline offense level. In that

11
regard, the United States agrees with the Guidelines calculations set forth in the PSR, resulting in

12
an Offense Level of 8 and Criminal History Category III. However, the United States and the

13
defendant differ with the length of sentence recommended by the United States Probation Office.

14
The parties, taking the Guidelines calculation and the other Section 3553(a) factors into account,

15
believe that a six-month sentence of imprisonment and a two-year term of supervised release as

16
recommended in the Plea Agreement is appropriate and will serve all of the goals of sentencing.

17
**II. APPLICATION OF 18 U.S.C. § 3553(a) FACTORS**

18
A. § 3553(a)(1) - Nature And Circumstances Of The Offense

19
Here, the defendant has pleaded guilty to two counts of making false claims to a

20
government agency. Specifically, the defendant made false claims during two different tax

21
years in order to obtain income tax refunds to which she was not entitled. *See* PSR at ¶ 13-17.

22
By making false statements about her places of employment and annual income, the defendant

23
intended to cause an $11, 261 loss to the United States. *Id.* at 17. The Guidelines take into

24
account the nature of these acts, including the loss amount, and therefore a sentence of six-

25
months–a sentence at the low-end of the sentencing range–adequately accounts for this §3553(a)

26
factor. Were the Court not to impose any prison time, as suggested by the Probation Officer, it

27
would diminish the seriousness of these offenses. Indeed, it would send a message that the

28
Internal Revenue Service could be used as a personal ATM with little or no consequence. Thus,

1  the United States urges the Court to impose a six-month sentence to adequately account for the

2  nature and circumstance of these multiple offenses.

3      B.  § 3553(a)(2)(A) - Reflecting Seriousness Of Offense,
4          Promote Respect For Law And To Provide Just Punishment

5      The sentence recommended in the Plea Agreement accomplishes the considerations in

6  § 3553(a)(2)(A).  Based on these most recent crimes, and the defendant's young age, it appears

7  from her criminal history that she lacks some respect for the law.  *See* PSR at ¶¶ 37-39 and 43-

8  47.  The defendant has several theft-type convictions which indicates that she lacks an

9  appreciation that the law does not tolerate fraudulent behavior.  The defendant's previous

10 convictions did not require her to serve any significant jail time, which in turn did not deterred

11 her from engaging in criminal activity.  As a result, the United States respectfully disagrees with

12 the Probation Officer that the defendant would be an appropriate candidate for home detention.

13 There simply are no mitigating circumstances on these multiple counts of conviction that warrant

14 a sentence of home confinement.  The sentence imposed needs to serve the goal of providing a

15 reasonable incremental punishment for the current offense which should be greater than the

16 sentences imposed by her other terms of imprisonment.  Indeed, the current offense is more

17 serious including a much greater loss amount than the defendant's previous convictions.

18     Likewise, six-months imprisonment is not inconsistent with a person that is capable of being

19 rehabilitated.  Here, the defendant is young, relatively uneducated, has been "chronically

20 underemployed," and has some learning disabilities.  PSR at ¶¶ 49-56 and 62.  Nevertheless, the

21 defendant has accepted responsibility for her actions and would "like to 'break the cycle' of

22 living a marginalize life."  *Id.* at ¶ 57.  Thus, given the defendant's circumstances, and desire to

23 change her life, a sentence greater than six-months would not be appropriate.  Accordingly, the

24 parties have considered these factors and have memorialized them in the Plea Agreement which

25 contemplates a prison sentence of at the low-end of the Guidelines–i.e., six-months

26 imprisonment.

27     C.  § 3553(a)(2)(B) - Afford Adequate Deterrence

28     The United States operates a tax system based in large part upon the honest payment of

3

income taxes.  It becomes especially important to afford adequate deterrence in light of the government's reliance upon the public's honesty when paying these taxes.  Without an adequate deterrent to protect the integrity of the tax system, the financial resources of the United States could be severely compromised.  Here, the defendant affirmatively sought to steal money paid into the system by honest taxpayers through her filing of false claims relating to tax refunds. This type of affirmative fraud requires a sentence imprisonment to accomplish the goal of deterrence.  The six-month sentence agreed to by the parties accomplished this goal and will provide an adequate deterrent for both the public and for the individual defendant against committing these types of tax crimes in the future.

D.  § 3553(a)(2)(C) - To Protect The Public From Further Crimes

In the context of this particular crime, this § 3553(a) factor is somewhat related to previous factor of deterrence.   Here, to protect the public from further tax related violations, the sentence should indicate that filing fraudulent income taxes will not be tolerated.  Were the Court to impose a light sentence, such as home detention, the defendant and others may engage in the same types of activity thereby exposing the public to further crime.  The recommended sentence contemplated in the Plea Agreement falls within the Guidelines and adequately reflects due consideration for protecting the public.

E.  § 3553(a)(2)(D) - To Provide Defendant Needed Care, Training, and Treatment

Here, imposing a six-month sentence neither adds to, nor diminishes from, the importance of this factor.  Six-months in custody is likely not long enough to allow the defendant to take advantage of any education or training needs while she is incarcerated. However, the recommended term of supervised release will allow the defendant to have the necessary support to address any mental and emotional health issues, substance abuse, and educational or vocational training that she needs to get her life back on track.  Thus, the Plea Agreement and the sentence as a whole takes into account the importance of this § 3553(a) factor.

F.  § 3553(a)(4) and (5) - Guideline Calculations And U.S.S.G. Policy Statements

The United States agrees with the Guideline calculation in the PSR and directs the Court to

4

the previous discussion regarding this issue.

G.  § 3553(a)(6) - Need To Avoid Unwarranted Sentencing Disparities

The Guidelines provide a mechanism, which if adhered to, allow for the Court to approximate a common range of punishment for a particular crime, thereby eliminating sentencing disparities around the country for the same crime. There are no unique factors in this case that would necessitate a departure from the Guidelines thereby justifying a sentencing disparity.  Likewise, there are no mitigating factors which indicate that six-months home confinement should be imposed instead of six-months incarceration.   Accordingly, the parties' recommend a sentence consistent with the Guidelines to accomplish the goal of preventing unwarranted disparities.

H.  § 3553(a)(7) - Need To Provide Restitution

The Court will accomplish this factor by ordering restitution of $6,220.  This is the amount in which the defendant succeeded in fraudulently obtaining from the United States. Indeed, the defendant's conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii).  Likewise, the defendant agreed to pay restitution in the Plea Agreement.  Thus, the Court should order restitution.  Nevertheless, given the defendant's financial circumstances, the Court should also order that the restitution amount be paid according to a reasonable repayment schedule.

**CONCLUSION**

For all of the reasons set forth above, the United States respectfully requests that defendant be sentenced to six-months imprisonment and a two-year term of supervised release, consistent with the Plea Agreement.

DATED:   ___1/28/08___

                                    Respectfully submitted,

                                    JOSEPH P. RUSSONIELLO
                                    United States Attorney


                                    _____/s/_____
                                    BRYAN R. WHITTAKER
                                    Special Assistant United States Attorney

5