BARRY J. PORTMAN
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant WARREN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00636 CW |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S RESPONSE TO** |
| | ) | **UNITED STATES' SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| GIOVANNA WARREN, | ) | Date: January 30, 2008 |
| | ) | Time: 2:30 p.m. |
| Defendant. | ) | Courtroom No. 2 |
| _____ | ) | |

**INTRODUCTION**

On January 30, 2008, defendant Giovanna Warren will be sentenced based upon her guilty plea to two counts of making false claims in violation of 18 USC §287. The parties entered into a non-binding plea agreement in which Ms. Warren agrees to recommend that the Court sentence her to imprisonment at the low end of the guidelines. In this case the guideline range is 6-12 months in Zone B of the Sentencing Table. A pre-sentence report ("PSR") was prepared by United States Probation Officer (USPO) Charlie Mabie who recommends that Ms. Warren be sentenced to three years probation with a condition of six months in home detention with electronic monitoring. PSR, Sentencing Recommendation.

*United States v. Warren*, CR 07-00636 CW
Def.'s Response to U. S. Sentencing Memo            1

1  Ms. Warren did not intend to file a sentencing memorandum.  However, the government
2  belatedly filed a sentencing memorandum on January 28, 2008 (U.S. Sentencing Memo), in
3  support of the recommended sentence contained in the plea agreement.  In its memorandum, the
4  government purports to speak on behalf of Ms. Warren, indicating that the recommended
5  sentence is the result of Ms. Warren's analysis and application of the 18 U.S.C. §3553 factors to
6  her case.  *See, e.g.*, U.S. Sentencing Memo at p. 2 ("The parties. . .believe that a six month
7  sentence of imprisonment . . . will serve all the goals of sentencing."); p. 3 ("The parties have
8  considered these factors and have memorialized them in the Plea Agreement"); p. 5 (There are
9  no mitigating factors. . . accordingly the parties recommend a sentence consistent with the
10 Guidelines.")   Because the government incorrectly asserts that the recommended sentence is a
11 result of Ms. Warren's analysis of the §3553 factors, Ms. Warren files this response.

**DISCUSSION**

Giovanna Warren is a 22 year-old unmarried woman who will be sentenced by the Court on January 30, 2008.  She has a six year old son, Jaylin, to whom she gave birth when she was 16 years old.  Jaylin has always lived with his mother, the defendant.

The PSR indicates that Giovanna was subjected to both physical and mental abuse from her mother when she was a child.  PSR PP50-53.  Should the Court wish for additional documentation regarding the abuse, defense counsel has obtained records from a group home in which Giovanna resided for approximately two years starting when she was approximately 11 years old.  The records reflect that Giovanna was treated and diagnosed for depression and post-traumatic stress disorder based upon the domestic abuse and violence to which she was subjected in the home.  She was put on anti-depressants to treat the depression.  She also was diagnosed with a learning disorder.  Currently, Giovanna is enrolled in a janitorial training program.  She is interested in receiving training in childcare and culinary arts.  PSR ¶¶61, 62.  She is asking for mental health counseling to address her past and become more productive in the future.

*United States v. Warren*, CR 07-00636 CW
Def.'s Response to U. S. Sentencing Memo         2

1  In accordance with the plea agreement, Ms. Warren agrees to recommend a custodial
2  sentence at the low end of the guidelines.  However, contrary to the government's assertions, the
3  agreement is not the result of Ms. Warren's analysis of the 18 U.S.C. §3553 factors as it applies
4  to her case.  Rather, this is a Rule 20 case from the Eastern district of California in Fresno.  The
5  prosecutor in Fresno was willing to transfer the case to the Northern District of California
6  provided that Ms. Warren pled guilty to felony convictions and accepted the proposed plea
7  agreement.  The terms of the agreement were not negotiable.  It is an agreement under Rule
8  11(c)(1)(A) and (c)(1)(B).  In the agreement, Ms. Warren agrees not to request any adjustments,
9  or reductions in the offense level, or a departure below the low end of the guidelines in custody.
10 She further agrees not to ask the Court to apply the 18 U.S.C. §3553 factors to arrive at a lesser
11 sentence than that called for by the guidelines.[1]  Plea Agreement at ¶¶7, 8.
12  Giovanna has accepted the plea agreement and she stands by the terms of that agreement.
13 However, given the circumstances surrounding the negotiation of the plea agreement, it is
14 misleading and disingenuous for the government to assert that Ms. Warren "considered these
15 [§3553] factors and memorialized them into the Plea Agreement." U.S. Sentencing Memo at p.
16 3.  While Ms. Warren stands by the recommendation, she does not join in the government's
17 analysis
18 / / /
19 / / /
20 / / /

---

[1] Under U.S.S.G. §5C1.1(c) the sentence recommended by the USPO is not a sentence which is lesser than that called for by the guidelines because the guidelines specifically provide that in Zone B of the sentencing table, a sentence of imprisonment can be satisfied by probation with home detention.  While the USPO's sentence is consistent with the guidelines, it is inconsistent with the parties' recommendation.

*United States v. Warren*, CR 07-00636 CW
Def.'s Response to U. S. Sentencing Memo           3

of the factors as applied to this case.

Dated: January 29, 2008

                              Respectfully submitted,

                              BARRY J. PORTMAN
                              Federal Public Defender

                                  /S/

                              JOYCE LEAVITT
                              Assistant Federal Public Defender

*United States v. Warren*, CR 07-00636 CW
Def.'s Response to U. S. Sentencing Memo        4