# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
Oakland Venue

## Amended Petition for Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Giovanna Warren | Docket No.: | CR 07-00636-01 CW |
| Name of Sentencing Judge: | Claudia Wilken<br>United States District Judge | | |
| Date of Original Sentence: | January 30, 2008 | | |

FILED
JUL 31 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Original Offense:
Count One: False Claims and Aiding and Abetting, 18 U.S.C. §§ 287 and 2, a Class D felony
Count Two: False Claims and Aiding and Abetting, 18 U.S.C. §§ 287 and 2, a Class D felony

Original Sentence: Three Years Probation
Special Conditions: Community confinement 6 months or home confinement with electronic monitoring 6 months; drug treatment; mental health treatment; no new lines of credit or debt; search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection; random urinalysis testing; $200 special assessment; $6,220 restitution; participate in a vocational training program or be employed full-time

Type of Supervision: Probation                    Date Supervision Commenced: January 30, 2008
Assistant U.S. Attorney: Brian Whittaker                    Defense Counsel: Joyce Leavitt (AFPD)

### Petitioning the Court

**The issuance of a summons for the offender to appear in court before the duty Magistrate Judge on August 27, 2008, at 10:00 am for identification of counsel and to appear in court before Judge Wilken on August 27, 2008, at 2:30 pm to show cause why supervision should not be revoked.**

I, Alton P. Dural Jr., a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing

NDC-SUPV-FORM 12C(1) 06/23/08

CCI WDB

official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated standard condition number two that requires that she submit a truthful and complete written report within the first five days of each month in that she has failed to submit any monthly supervision reports since supervision commenced on January 30, 2008. |
| | This charge is based on the statement of the probation officer as well documentation contained in the probation file which verifies that Ms. Warren was made aware of her requirement to submit the reports each month. |
| Two | There is probable cause to believe that the offender violated standard condition number ten that requires that she permit a probation officer to visit her at any time at home or elsewhere in that she refused to meet with the undersigned at her home when directed to do so on July 8, 2008. |
| | Specifically, on July 8, 2008, after waiting outside Ms. Warren's residence for her expected return at the start of her 6:00 pm home confinement curfew, I contacted her telephonically and asked when she expected to be home. She estimated that she would be home by 7:00 pm. I indicated that I would be at her residence to meet with her at 7:00 pm and she responded that "that doesn't sound right." She further related that she would not make herself available to meet with me. At that point, Ms. Warren was advised that she was being terminated from the home confinement program and directed to return the electronic monitoring equipment to the probation office the following morning and to request to see the duty officer who would remove the ankle transmitter from her leg. Review of event history in the electronic monitoring software indicates that the transmitter never came in range of the equipment prior to the equipment being unplugged on the morning of July 9, 2008. |
| | This charge is based on the statement of the probation officer as well as chronological notes contained in the probation file and event history contained in the electronic monitoring software. |

| | |
|---|---|
| Three | There is probable cause to believe that the offender violated special condition number one that requires her to reside in a residential reentry center for a period of six (6) months provided that she be allowed to continue to work or attend school and care for her child or, if this is not possible, that she participate in the Home Confinement with Electronic Monitoring Program for six months. |

Due to the fact that there is no bedspace available for a female at the residential reentry center in Oakland, and the fact that Ms. Warren would be unable to care for her child if placed at the residential reentry center in San Francisco, the decision was made to place her on the home confinement program. The term of home confinement commenced on May 8, 2008.

The offender is in violation of Home Confinement Participant Agreement rule number three which directs that she must remain at her approved residence at all times, except for activities approved in advance by her probation officer. Specifically, she left her residence without prior approval or failed to return to her residence at the start of curfew on the following dates: May 12, 2008, May 17, 2008, May 18, 2008, May 19, 2008, May 24, 2008, May 30, 2008, June 21, 2008, June 28, 2008, July 3, 2008, July 4, 2008, July 5, 2008, and July 8, 2008.

Most recently, on June 28, 2008, the offender left her residence for approximately one and one half hours during a curfew period. When contacted on June 30, 2008, she explained that she went to her cousin's residence to babysit her cousin's baby. I admonished her regarding the fact that her home confinement restrictions and the nature of home confinement are not conducive to such impulsive decisions to leave her residence. I briefly reoriented her to home confinement rules and emphasized the schedule change procedure which requires that schedule change requests be submitted Wednesday of the week prior to the change going into effect. I also reviewed and revised her home confinement schedule going forward. In light of the fact that Ms. Warren lives alone with her young son in an upstairs unit of a large apartment building, she was allowed four hours on each day's schedule to be used to take her son out to play or to tend to household errands. She chose a schedule from 2:00 pm to 6:00 pm each day for this purpose. On July 3, 2008, she called to inquire about her schedule for the following day, I referenced our conversation on June 30, 2008, and reminded her of the schedule from 2:00 pm to 6:00 pm. That same day, the offender was out of her residence until 8:10 pm. Further, on July 4, 2008, she was out of her residence from 8:24 am until 12:54 am on the morning of July 5, 2008.

Giovanna Warren                                                                                        Page 4
CR 07-00636-01 CW

        Later on July 5, Ms. Warren left at 6:43 pm and returned at 10:30 pm.

        The offender is also in violation of Home Confinement Participant Agreement rule number five which directs that when home, she must promptly answer her telephone or door. On numerous occasions she has failed to answer calls to the phone connected to the electronic monitoring equipment in her residence from the monitoring vendor, the probation officer and the home confinement duty officer at times when inquiries in the monitoring software confirm that she is within range of the equipment.

            This charge is based on statements of officer's familiar with Ms. Warren's case as well as chronological notes contained in the probation file and event history contained in the electronic monitoring software.

**Four**        There is probable cause to believe that the offender violated special condition numbers two and three that she participate in programs of testing and treatment for drug abuse and mental health as directed by the probation officer in that she has failed to appear for appointments scheduled by the drug and mental health counseling and drug testing vendor on the following dates: April 22, 2008, April 29, 2008, May 6, 2008, May 7, 2008, May 13, 2008, May 14, 2008, May 20, 2008, June 3, 2008, June 24, 2008, and July 1, 2008.

            This charge is based on notices received from East Bay Community Recovery Project.

**Five**        There is probable cause to believe that the offender violated the statutory condition which directs that she shall pay any fine or restitution that is imposed by the Court in that she has failed to make any payment toward the $200 special assessment or the $6,220.00 restitution obligations.

            This charge is based on an inquiries with the Clerk of the Court and the U.S. Attorney's Office's Financial Litigation Unit.

| | |
|---|---|
| Six | There is probable cause to believe that the offender violated special number one that requires her to reside in a residential reentry center for a period of six (6) months provided that she be allowed to continue to work or attend school and care for her child or, if this is not possible, that she participate in the Home Confinement with Electronic Monitoring Program for six months. |

Specifically, the offender is in violation of Home Confinement Participant Agreement rule number ten which outlines her responsibility for the electronic monitoring equipment assigned to her and states that if she does not return the equipment she may be charged replacement costs. During a telephone conversation on July 8, 2008, I directed her to return the equipment to the U.S. Probation Office on July 9, 2008. She failed to do so and, as of this writing, the equipment has still not been returned.

This charge is based on the statement of the probation officer as well as data contained in the monitoring software and the home confinement inventory which details the equipment model numbers and date it was assigned to the offender.

Based on the foregoing, there is probable cause to believe that Giovanna Warren violated the conditions of her supervision.

Respectfully submitted,

Alton P. Dural Jr.
U.S. Probation Officer Specialist
Date Signed:  July 23, 2008

Approved as to form:

Amy Rizor
Supervisory U.S. Probation Officer

NDC-SUPV-FORM 12C(1) 06/23/08

===

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ **The issuance of a summons for the offender to appear in court before the duty Magistrate Judge on August 27, 2008, at 10:00 am for identification of counsel and to appear in court before Judge Wilken on August 27, 2008, at 2:30 pm to show cause why supervision should not be revoked.**

☐ Other:

JUL 3 1 2008

Date

Claudia Wilken
United States District Judge